today. Can we call the first case please? Would the attorneys presenting argument please approach, introduce yourselves, spell your last names if you would. My name is Tiffany Boyd-Green, B-O-Y-E-G-R-E-E-N, and I represent Adele Rainey in this matter. Good morning. Good morning, Your Honors. John Nowak, N-O-W-A-K, and Assistant State's Attorney representing the people. Good morning, Mr. Nowak. We generally give 15 minutes per side. As you know, we can be a little flexible. I assume that Ms. Green, you'd like a few minutes for rebuttal as well. Okay, so if we could stay as close as possible within these 15-minute parameters, we would appreciate it. With that flexibility, as I said. Please keep in mind that these microphones are for recording, not amplification, so please make sure that we're able to make this all public later by speaking into the microphone. With that, Ms. Green, you have the floor. May it please the Court. Here the trial court violated Adele Rainey's constitutional right to represent himself when it denied his request to proceed pro se at trial, which rendered his resulting guilty pleas involuntary. Mr. Rainey had drafted a motion to discharge his trial attorney and represent himself, which the trial court rejected, telling him, your request to go pro se for the third time is denied. You're not capable of representing yourself. He also told Mr. Rainey that he didn't understand the law because he wasn't an attorney. This type of reasoning has been repeatedly rejected by courts for reasons to deny a defendant's request to represent himself. The trial court gave other reasons later, though, did it not? The trial court did give other reasons later in a written order, but... What were those reasons? The reasons that he gave were that he said it was not a clear and unequivocal request to represent himself because Mr. Rainey's prior requests were made after the trial court had refused to appoint another attorney and because this, the third request was made when the court would not allow the defendant to file a motion to suppress. That was one of his reasons, and the other was because he said Mr. Rainey, again, was not capable of representing himself. But both of those reasons in the order, in the written order, were not relevant or appropriate reasons to deny a request to represent himself. Why not? If he acquits the case, doesn't the court have the right not to grant the request? He does, but he, the point of saying a defendant can't equivocate is to determine whether or not the defendant really wants to represent himself. And here, it was clear to everybody in the courtroom that the defendant wanted to represent himself. He filed a motion ahead of time. This wasn't a spontaneous decision that was a result of frustration. He wanted to discharge his attorney because his attorney did not agree with him on filing a motion to suppress. Mr. Rainey believed that his arrest had been unlawful as a result of an investigative alert. And as this Court's aware, and people be best, this First District also found that an arrest made pursuant to an investigative alert rather than a warrant is unconstitutional. So this wasn't a frivolous motion that the defendant wanted to file. He came into court. The court said, your request to proceed pro se is denied. So the trial court was clear in understanding that that's what Mr. Rainey wanted. And the public defender was also clear that he understood what Mr. Rainey wanted. He had been previously told he will not get another attorney. He filed this motion to discharge his attorney. The defense counsel said, well, he's asked to go pro se before. So it was, it was an unequivocal request. Well, what about the fact, though, that he did make multiple requests and then changed his mind? Is that an indicator that this is somewhat equivocal? Well, courts look to, look to whether or not a defendant vacillates back and forth between wanting counsel and wanting to represent himself. But if you look at the, at the cases, it really goes to, with respect to vacillating whether or not it's within the same statement. For example, the defendant had said initially he wanted to represent himself and then he changed his mind and said he wanted counsel. But the purpose of preventing a defendant from doing that is so that he doesn't abuse the system or manipulate the system. And here there was no indication when he had previously asked to go pro se that he was doing so to manipulate the system. He truly wanted to represent himself. And in this particular case, his reasons were very clear. How do we just look at this? Oh, sorry. Oh, I'm sorry, Justice. Should we simply be looking at this in a vacuum, or may we consider the entire context of these pretrial proceedings? You can consider the entire context of the proceedings. So in light of the entire context of the proceedings and the more than one time where there is a reversal of the request to self-represent and then the withdrawal of the same and then the exchange, we'll call it, between the defendant and the court, why should we believe or why should we accept that the denial to proceed pro se was anything other than appropriate? Because in this particular – in his request that was made right before – at the last time of state before a trial, the third request, he had a very clear reason. He wanted to file a motion to suppress. Whereas previously it was just a general disagreement with counsel. It is the reason that informs the decision, the defendant's reason. You just said he wanted to file a motion to suppress and therefore. Correct. That's why you had asked why this court should believe that he really wanted to represent himself. And the reason is because he – the reason this court should accept that is because of the fact that he felt strongly about filing a motion to suppress. If the public defender was willing to file that motion to suppress for him, he would have been fine. But he wasn't. Well, on the same line, how are we looking at the judge's decision? The standard of review, isn't it an abuse of discretion? Correct. It is an abuse of discretion. So when the judge says that this was equivocal, we're reviewing that for an abuse of discretion, aren't we? That's correct. But it is an abuse of discretion because of the fact that it was an unequivocal request. And the other reason the trial court gave in his written order was that he said Mr. Rainey was not capable of representing himself. But in that order, he cites to Ward and the proposition that the defendant's request for self-representation may be denied when the court finds that the defendant is unable to reach the level of appreciation needed for knowing an intelligent waiver. Whether a defendant can make it knowing an intelligent waiver of his right to counsel is very different from whether a defendant has the ability to represent himself at trial. And Mr. Rainey – But counsel, he said the defendant was not capable of representing himself in the dignified manner expected of parties occurring before the court. Isn't that what the judge said? That is what the judge said. And when he's saying that, isn't he saying this gentleman is not comporting himself appropriately? That's right. He needs a lawyer to sort of rein him in, so to speak? He – yes. I mean, his statement in the order is very confusing because he says that, but then he cites to Ward in this concept of whether or not he can voluntarily waive his right to counsel. But the defendant – Yeah. Not a very appropriate citation, maybe, but he had a basis in the record for finding that the defendant was not capable of representing himself in a dignified manner. Didn't he have a basis for saying that? There were two occasions when Mr. Rainey behaved inappropriately in court. He was rude. He swore. One of the occasions, he did have an outburst. But – Well, both occasions, right? Well – Well, what do we mean by outburst? I mean, he swore and he used all kinds of vulgar words and terms – Correct. Correct. Repeatedly. And one time, he walked out of court and had to be marshaled back in. The other time, he didn't. The other time, he was shackled, right? Correct. But both times, he wasn't doing what the judge told him to do. He was standing when the judge said to sit and vice versa. He was interrupting him. He was using, you know – we all know all the profanities he was using, all the horrible things he was saying. I mean, the judge – if a defendant acts like that at a trial, the judge can kick that defendant out of the courtroom, right? Right. You know, it's a defendant's trial. Even though you have the right to be present, you can be kicked out. Doesn't he also have the right to say, this is what my trial is going to look like. This is what this trial is going to look like if I let this guy go pro se, and I'm not letting that happen. Well, the key is that when those outbursts were happening and the inappropriate behavior was happening, Judge Wilson never said, you forfeited your right to represent yourself. He did not find that that behavior rose to that level. But he did say that later in those words that Justice Ellis just described. He did say that later, but Mr. Rainey wasn't – What difference does it make when he enunciates what he's thinking? Well, because we don't know if the defendant would have behaved inappropriately going forward. These were two occasions out of many – How many occasions does he get, though? And have you ever, as a lawyer, ever seen anything like the description of what he did in this courtroom on that particular day, the worst day of the two? The worst day of the two? In our record, we have seen cases where defendants behaved that badly, to be honest. Yeah, because I've been around for a long time, and I've never ever, for over 30 years, ever seen anything like this in a record. So I don't know what cases you're talking about. It was definitely – it was definitely inappropriate, and there's no doubt about that. Well, and the one thing that separates those two hearings from every other hearing is that those are the only two hearings where he was pro se. That is correct. However, when he filed this third request to appear pro se, and it was denied, he didn't react inappropriately. He didn't have an outburst. He accepted the court's ruling. Granted, he was represented by counsel, but he wasn't shy about speaking up. He said many times, this lawyer is not representing me. Was that an indication that he was equivocating about everything once again, really? That it really was just a matter of playing with the court? Not at all. He wanted to file a motion to suppress, and he – this was not a frivolous motion. He believed that he had been arrested unlawfully in an unconstitutional manner, and he wanted to challenge that before the court. And this, though, came up the eve of trial? This was a status – Actually, the second eve of trial, because it had been scheduled before, and then that was stopped or halted because his attorney was allowed to present the examination. That's correct. And then, so that was one major postponement, and then this was the second, right? The most – this later, untimely motion to suppress came on the eve of the second trial, or was it to be? Though he wasn't asking for more time, and even the public defender said, this won't take more time, Your Honor. The officers are under subpoena, and they will be here anyway for the start of trial. We can address the motion to trial. And the defendant never asked for more time, so this would not have caused delay in any way to let the defendant present his motion to suppress and then proceed to trial. However, because he was forced to go to trial with an attorney he did not believe was adequately representing his interests, the resulting guilty pleas were involuntary. There are several cases cited in the briefs where if a defendant is forced to be represented by counsel that he has no faith in, the resulting guilty pleas are involuntary. Hernandez is a Ninth Circuit case which is directly on point, but Moon, Algie, and Muriel are also Illinois cases. And here, I want to note that Mr. Rainey had previously rejected all offers of guilty pleas. He felt strongly about going to trial, but when he came into court – How many cases were there again, remind us? Nineteen. Nineteen. Nineteen. And he was ready for all nineteen. He felt ready for all nineteen. Whether or not he was is beside the point, but the point is that he was clear he wanted to represent himself. So when he came into court, he felt he didn't have a choice other than to plead guilty. Why not? He didn't feel that his attorney would represent him, so he didn't feel that there were options. In his pro se motion that he filed shortly after the guilty pleas, he said that the court violated his rights by refusing his request to represent himself, and because he was forced to be represented by counsel that he had no faith in, his guilty plea was the result of coercion. So, for that reason, we would ask that you vacate his convictions and sentence and remand the matter for further proceedings. Thank you. Okay, thank you. We'll give you some time for rebuttal. Okay. May it please the court. Of course. This defendant was allowed to waive counsel and represent himself not just once, but twice. And after both times, he quickly realized that was a bad decision and requested to have counsel reappointed. So, in light of all of that, when Judge Wilson was faced with defendant's request to represent himself a third time, Judge Wilson, in light of everything, exercised discretion properly and denied that request. There are two, at most two, issues that a courthouse resolve when a defendant requests to waive counsel. The first is a threshold issue, and that is whether the request to waive counsel is clear and unequivocal. That has to be met first. And if that's met and it's clear and unequivocal, then the issue is whether that waiver is knowing and intelligent. Now, the Ombudsman Supreme Court has been clear that courts must indulge in every reasonable presumption against the waiver of the right to counsel. And a circuit court's decision on that issue is reviewed for an abuse of discretion. So, with that in mind, this defendant, who had already represented himself twice, when he made that third request, he's already shown that he's been equivocating about this. And the reason why this request has to be clear and unequivocal, this Ombudsman Supreme Court has explained, there are two reasons. One is to prevent the defendant from appealing the right to represent himself. We have that here. And the second reason is to prevent the defendant from manipulating the system by going back and forth between a request for counsel and a request to go pro se. That is also here. So here, in face of everything that happened in this record, when Judge Wilson was faced with this third request, he made, properly exercised discretion, found that that was not clear and unequivocal. The first time defendant went pro se, and the judge allowed him to do so, was on February 21st, 2014. And then defendant changed his mind and had counsel reappointed one month later. About six more months passed while he's represented by counsel, and then we come to the September 8th, 2014 hearing. There, defendant, for the second time, asked to waive counsel and go pro se, and he's allowed to do so. And shortly after he's allowed to do so, he makes a motion to have the judge transfer him to Cook County Jail, and the judge denied that. Defendant was unhappy, to say the least. He walked out of the courtroom. It took several IDOC security guards to go around him and bring him back in. And when he came back in, he did let loose, as this court is well aware in the record, a lengthy, angry, and truly offensive tirade against Judge Wilson. It truly was shocking to read, and for Judge Wilson and everyone in court to be there while it was happening was something I'm sure that none of them will ever forget. And then at the next hearing, so that's the first hearing when he's pro se. The second hearing comes a week later on September 15th. And we know from the record that's now the transcript that's now part of the record on appeal, is the defendant also was disruptive in this. He didn't go on the extensive tirade he did a week earlier, but he was cursing repeatedly, standing up and being disruptive. Judge Wilson admonished him repeatedly throughout the hearing about his disruptive behavior and how that would be played before the jury and also how it was disruptive with the entire proceedings. And then eight days after that, September 23rd, defendant, at the September 15th hearing, he was there to his first, the whole hearing was about how he wanted to have a bar attorney appointed. He wanted someone other than the public defendants appointed, of course, the judge, I think. Then at the next hearing on September 23rd, he asked Judge Wilson to reappoint the public defender, and he does. So in light of all of that that's occurred, the defendant is literally equivocating and going back and forth. When he asked shortly before the trial date, on December 19th, for the third time to request to waive counsel, Judge Wilson, at his discretion, says no. And then the next hearing is January 5th. That's supposed to be the trial date. Do you think the reason that he gave in court at the time was a correct statement of the law, correct application of the law? He did tell him, he did, he was brief about it. He said, this is your third request. And the implication certainly is there is you're equivocating here. This is not your first time asking for this. But, again, the reasoning the judge gives in the moment isn't dispositive. It's not controlling from the court. Yes, but was he right? He was right in the fact that this was his third time. And that he might not have said the words unequivocal. But what's his reason that he gave at the time in court, a correct reason for you're not capable of representing yourself? That statement in general is true when you look at the reasons, the legal reasons behind not capable. And one of those is the serious misconduct. A defendant puts a lot of weight in the brief, but not here at argument, about Woodson and the three categories that Woodson puts forward. And one of those is serious misconduct while representing yourself as a reason why you're not capable of representing yourself. And certainly that is true. And Judge Wilson, in his written order after the fact, explained both that this was equivocal and also the defendant was not capable of representing himself in a dignified manner. And certainly those are both valid reasons. And so here, but the threshold issue is whether this was clear or unequivocal. And it wasn't. It was the definition of equivocal. The Illinois Supreme Court has given it two reasons, two ways to show that it's equivocal. And that's vacillating on request to proceed pro se. He certainly did that here. Not once, but twice. And also abandoning an early request to go pro se. And he did that here. And even at the January 5th hearing, after he had been denied at the previous hearing to represent himself for the third time, the defendant never raised the issue again. He didn't ask to go pro se again. He didn't make a re-survey request. What about counsel's suggestion that he came up with a motion to suppress that was valid? How do you respond to that? That is a new issue that is, of course, not in the briefs. Well, it's not. No, it is. No, it's not. As far as the reasoning goes, counsel did advise me before argument that she would be mentioning the Bass case. But the fact that this motion may have had perhaps some merit is not a factor to consider in determining whether a request to represent oneself is clear and unequivocal. Well, why wouldn't it be something we would at least consider? First, I mean, procedurally, that has not been briefed. It has not been raised. It is not litigated below or here. So it wasn't mentioned at all in the briefs? The reason his motion for why? The fact was mentioned that he asked to file a motion to suppress. And I believe his lawyer said that he had reviewed it and didn't think it had any validity. It had no validity until this Court's decision in Bass, which was an unprecedented decision. But I think that your opposing counsel's point is that that's why he decided to go pro se because at that point, and that's what the record sheet reflects, that he wanted to argue this whether it was valid or not. He wanted to argue it. His lawyer wouldn't let him. And so he said, I want to go pro se so I can file this motion. Isn't that a valid reason to want to go pro se? In a vacuum, perhaps. Perhaps. But we're not in a vacuum here. And after everything that happened here, even if there was maybe perhaps even a motion that maybe actually had more validity at the time that the motion was made, certainly had no – there was no precedent to support it at the time in 2014. Well, he had actually – I mean, we do have a pattern here that each time he did want to go pro se, he gave some reason, didn't he? He did. He always had a reason. He wanted a clinical examination on Juan. He had some other motions he wanted. He wanted some DNA evidence, which the public defender was trying to be careful with it, but was clearly implying it was not favorable to him. He always had a reason. That he had a reason doesn't mean that it was unequivocal. Absolutely right. And especially here, because in every single case the defendant relies on, including this Hernandez case from the Ninth Circuit, those are all cases where the defendants were never allowed, not even once, to represent themselves. Here, there is no case cited, and none that I could find, other than ostensibly Mayo, where the defendant had been allowed to represent himself once and then recanted. There's no case that says – that holds, as the defendant wants to hold here, that after two times being allowed to represent himself, that now that suddenly that's the third time is unequivocal. And we know based on his behavior – There was some reference in the post-plea order from the judge about dilatory tactics and the delay, but counsel's point is he wasn't asking for more time. On that day, the third day, they were talking about it. He wasn't asking for a delay. He just wanted to represent himself. Couldn't the judge have said, okay, Mr. Rainey, you can represent yourself, but we're not moving this trial date. We're going on January 5th. He certainly could have. And we know based on what happened the previous time the defendant was pro se and he showed up in court at a hearing representing himself, he was disruptive throughout both hearings. And so, sure, they start the trial, but based on the defendant's history before the court in this case, there's nothing to suggest that suddenly he would become a model defendant in representing himself. The track record this defendant showed here was that he would lash out, be disruptive, curse and swear and act disruptively throughout proceedings. And that would itself be dilatory and delay these proceedings just throughout his obstructionist actions. And certainly that is something for the judge to consider. And, again, this is an abusive discretion standard. So to think, looking at the entire record, defendant's behavior while he actually was representing himself, whether it was arbitrary, fanciful or unreasonable to the degree that no reasonable person would agree with what Judge Wilson decided here, that's the standard. And that is not what happened here. There's no reasonable person that would have allowed the defendant to represent himself the third time here. So in light of the standard review, in light of the defendant's actions throughout this case, in light of the fact that he equivocated back and forth multiple times, Judge Wilson did not abuse his discretion here. Defendant's guilty plea was voluntary. Judge Wilson was right to deny that motion. And for these reasons and those in our brief, we have this Court affirm Judge Wilson's decision. Thank you. Okay. Just briefly, I want to point out, it did say on page 8 of my opening brief, the basis for the motion to suppress, that he believed that it was because he was arrested as a result of an investigative alert rather than a warrant, his detention was unlawful. And I don't mean to litigate the merits of that motion right now. My point in bringing that up is simply to say this was not a frivolous motion for the purpose of delay. He simply wanted to file this motion. And he felt strongly about it. So the fact that he wasn't asking for more time and that he wasn't filing a frivolous pleading just to delay proceedings or cause problems in the court or manipulate the systems indicates that this was an abuse of discretion when the trial court denied his request. Yes, he had inappropriate behavior on occasion, but it did not stop the court from conducting his business. He got through every motion in limine. He addressed the jury instructions. And most importantly, he did not find that that behavior rose to the level of conduct that would result in denying his right to represent himself. And I do want also to point out that although he had previously been allowed to represent himself and then changed his mind, that does not mean that this third request was unequivocal in any way because it was – that the request was still unequivocal because it was clear what he was asking. And that's what courts really look to in determining whether or not a request is unequivocal. They want to know whether or not this is really what the defendant wants. If you look at Burton, for example, there the defense trial – the defense attorney had filed a motion of withdrawal because the defendant didn't want to the court – he said, well, I feel really bad for defense counsel. I'll represent myself. The court said that's not unequivocal. That's just this response to what's going on in court. Here, everybody knew what was going on. The courts referred to it as a request to appear pro se. Defense counsel knew. And so this court should find out that was an unequivocal request, that it was an abuse of discretion, and that the resulting guilty pleas were involuntary. Thank you. Okay. Thank you very much. Thank you for your very good argument today and for your well-written briefs. We will take the matter under advisement.